IN THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

Carlton Theodore Landis

        Plaintiff-Appellant,

    v.

Correctional Officer Moyer, et al.

        Defendants-Appellees.

No. 22-2421

**ARGUMENT IN SUPPORT OF APPEAL**

Proceeding *pro se*, Carlton Landis alleged that a prison official sexually assaulted him, throwing him against a wall and applying pressure to his neck, buttocks, and groin. *Landis v. Moyer*, No. 1:19-CV-470, 2022 WL 2677472, at *1 (M.D. Pa. July 11, 2022). "[H]e suffered various injuries as a result of this assault, including soreness, bruising, and swelling of his testicles, buttocks, and inner thighs, and swelling of his left eye." *Id.* The district court dismissed his complaint, holding that he had no cause of action for a damages remedy under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Id.* Landis timely appealed, and this Court submitted the case for determination of whether summary action was appropriate, noting that "Appellant may submit argument, which should not exceed

5 pages, in support of the appeal." Doc. No. 8. The district court erred and this Court should reverse.

In the Supreme Court's recent explication of *Bivens* in *Ziglar v. Abbasi*, the Court clarified how to determine the availability of a *Bivens* remedy. 137 S. Ct. 1843 (2017). The court should first evaluate whether the case arises in a "new *Bivens* context," such that it "is different in a meaningful way from previous *Bivens* cases." *Id.* at 1859. If the claim does arise in a "new context," the court should inquire into whether there are any "special factors counselling hesitation" before extending a damages remedy into the new context. *Id.* at 1857.

The district court erred at both steps. First, it held that an excessive force claim arose in a new context, comparing an excessive force claim to the "three" previous *Bivens* claims from the U.S. Supreme Court and finding only *Carlson v. Green* to be "tenably relevant," although not the same context, noting only that "the nature and scope of the misconduct alleged" and "the legal standards and judicial guidance that would apply to that misconduct" were different. *Landis*, 2022 WL 2677472, at *6.

A case may arise in a "new context"

> because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

*Id.* at 1860.

The district court erred in two respects at this step. First, it never even considered the *Abbasi* factors, every single one of which points to this case being on all fours with *Carlson v. Green*, 446 U.S. 14 (1980), and *Farmer v. Brennan*, 511 U.S. 825 (1994). Landis accuses a line officer; of an Eighth Amendment violation; of one specific act of misconduct; in a context many decades old with many opinions supplying judicial guidance, including from the U.S. Supreme Court; by an officer operating under the same legal mandate as *Carlson* and *Farmer*; under an incredibly demanding substantive standard which the U.S. Supreme Court articulated for the very reason that a less onerous one would intrude too much into the functioning of the executive branch; and lacking any additional special factors that *Carlson* and *Farmer* themselves did not consider.

Second, the district court ignored this Court's authoritative *Bivens* opinions post-*Abbasi*: *Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018), and *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021). *Bistrian* held that, contra the district court's statement that only three of the U.S. Supreme Court's opinions are relevant, *Farmer* too recognized a *Bivens* claim for failure to protect under the Eighth Amendment. *Bistrian*, 912 F.3d 79, 91 (3d Cir. 2018). Critically, this Court recognized in *Bistrian* that *Abbasi*'s failure to mention *Farmer* was most likely that "the Court simply viewed the failure-to-protect claim as not distinct from the Eighth Amendment

deliberate indifference claim in the medical context." *Id.*; *Shorter*, 12 F.4th at 373. The characterization of the right at issue at this level of generality by the U.S. Supreme Court itself—subject to the many factors articulated in *Abbasi*—folds in excessive force claims as well.

The district court erred again in holding that, even if this context were new, special factors counsel hesitation. The district court identified two: the alternative remedy of the prison's administrative grievance process and Congressional silence in the Prison Litigation Reform Act. Neither suffices.

The administrative grievance process is not an adequate alternative as this Court already explicitly held in *Bistrian*, a holding the district court ignored. 912 F.3d at 93. And *Bistrian* remains good law even after the U.S. Supreme Court's decision in *Egbert v. Boule*. 142 S. Ct. 1793 (2022). *Egbert* held that a Border Patrol administrative remedy program, 8 C.F.R. §§ 287.10(a)–(b), constituted an alternative remedial structure that prevented recognition of a *Bivens* claim against a border patrol agent. As the Court explained, it would disrespect the prerogative of Congress to authorize an additional remedy where Congress "has created a remedial process that it finds sufficient to secure an adequate level of deterrence." *Id.* at 1807. While *Egbert* demands deference to an alternative remedial scheme that Congress "finds sufficient," Congress found the opposite with respect to the BOP's grievance process. The Prison Litigation Reform Act's statutory structure, which requires

prisoners to utilize the BOP's administrative remedy program before filing a *Bivens* suit, indicates Congress's determination that the BOP process, standing alone, is not sufficient to secure an adequate level of deterrence. Indeed, BOP's grievance process has coexisted with *Bivens* remedies for over 40 years. *Compare Carlson* and *Farmer with* 44 Fed. Reg. 62248, 62250 (Oct. 29, 1979) (final rule implementing program); 42 Fed. Reg. 64082, 64083 (Dec. 21, 1977) (proposed grievance program). In those forty-plus years, Congress has not eliminated either scheme, but rather sequenced them, indicating Congress's understanding that one is not a substitute for the other.

Finally, the district court's conclusion as to the PLRA is in direct contradiction with this Court's explicit holding in *Bistrian*. *See* 912 F.3d at 93.

## CONCLUSION

This Court should reverse the district court and remand for further proceedings.

Respectfully submitted,

*/s/ Samuel Weiss*
Samuel Weiss
Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2022, I electronically filed the foregoing Argument in Support of Appeal with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date:  October 11, 2022

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001
